UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MILTON CAMACHO-PEREZ,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,

Respondents.

Case No.: 26-CV-3691 JLS (DDL)

**ORDER:**

**(1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS,**

**(2) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS, AND**

**(3) DENYING AS MOOT MOTION TO APPOINT COUNSEL**

(ECF Nos. 2, 3, 8)

Presently before the Court are Petitioner Milton Camacho-Perez's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 8), Motion to Proceed *In Forma Pauperis* (ECF No. 2), and Motion to Appoint Counsel (ECF No. 3). Also before the Court are Respondents' Response to Petition ("Ret.," ECF No. 10) and Petitioner's Traverse ("Traverse," ECF No. 11). For the reasons set forth below, the Court **GRANTS IN PART** Petitioner's Amended Petition and **DENIES AS MOOT** Petitioner's Motion to Proceed *In Forma Pauperis* and Motion to Appoint Counsel.

## BACKGROUND

Petitioner, a native of El Salvador, alleges that he has been detained by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), at the Otay Mesa Detention Center since May 26, 2026, when he was re-detained during an ICE check-in appointment. Pet. at 2. Petitioner entered the United States in 2009 and was deported to El Salvador in 2014. *Id.* Petitioner came back to the United States seeking asylum after being kidnapped in El Salvador. *Id.* Petitioner was ordered removed in 2021, appealed the decision to the BIA, and was released on parole pending his appeal. *Id.* In 2023, he was re-detained and released again on an order of supervision. *Id.* He has since complied with all the conditions of his release. *Id.*

Petitioner alleges that during an ICE check-in on May 26, 2026, he was detained without "any written or oral notice of why he was being arrested," and without an opportunity "to explain why his release should not be revoked." *Id.* at 3. Petitioner was served with a Notice of Revocation of Release fifteen days later. *Id.* The Notice provided that his release was being revoked because his "conduct, or other circumstance, indicate[d] that release [was] no longer appropriate." *Id.* The Notice listed his 2021 order of removal as such a circumstance. *Id.* Petitioner further alleges that ICE agents "had him sign the Notice of Revocation of Release" and never provided him with the required "informal interview to contest his re-detention."[1] *Id.* at 2. Petitioner now alleges that ICE violated its own regulations in re-detaining Petitioner and seeks release from custody on this basis. *See generally id.*

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of

---

[1] Respondents submit that they "did in fact provide Petitioner with the required Notice of Revocation of Release and Informal Interview." Ret. at 1; *see also* Ret., Ex. 1. Petitioner maintains that he never received an interview. Traverse at 1.

his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

**DISCUSSION**

When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, they must be detained for ninety days (90) pending the government's efforts to secure their removal. *See* 28 U.S.C. § 1231(a)(1). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release, including an order of supervised release. *Id.* at 700.

Once ICE releases a non-citizen on supervised release, "ICE's ability to re-detain that noncitizen is constrained by its own regulations." *Nouri v. Herrera*, SA CV 25-1905-JFW(DBT), 2025 U.S. Dist. LEXIS 171809, at *11 (C.D. Cal. Sept. 3, 2025) (internal citation omitted). ICE may re-detain a non-citizen released on an Order of Supervision "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). ICE may also re-detain if the non-citizen "violates any of the conditions of release." § 241.13(i)(1). If ICE chooses to re-detain, the non-citizen must "be notified of the reasons for revocation" and be afforded "an initial informal interview promptly after [his] return to . . . custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." § 241.13(i)(3). The non-citizen may "submit any evidence or information that [he] believes shows there is no significant likelihood [he may] be removed in the reasonably foreseeable future, or that [he] has not violated the order of supervision." *Id.*

Here, Petitioner was ordered removed and released on parole in 2021 and re-detained and released on an order of supervision in 2023, presumably because removal was not foreseeable. Pet. at 2; *see Zadvydas*, 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). Petitioner was again detained by ICE agents in May 2026. *Id.* The only notice Petitioner received regarding the reasons for his re-detention appears to be a form revocation letter—provided two weeks after being re-detained. *Id.* The Notice of Revocation letter appears to have stated only that Petitioner was re-detained because he was "ordered removed on January 13, 2021." Ret., Ex. 1. Such notice is insufficient, as it does not provide a "meaningful explanation for the revocation." *Morales Sanchez v. Bondi*, 811 F. Supp. 3d 1166, 1175 (C.D. Cal. 2025) (finding that petitioner was entitled to release based on insufficient notice of revocation); *Rokhfirooz v. Larose*, 804 F. Supp. 3d 1095, 1099 (S.D. Cal. 2025) (finding notice insufficient where it failed to identify specific changed circumstances justifying revocation); *Tran v. Noem*, No. 25-CV-2391 BTM

(BLM), 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025) (holding that this "notice must be in writing and contain all the reasons for the revocation of the alien's release"). Nor does it account for changed circumstances justifying revocation and re-detention in Petitioner's case. Respondents fail to explain how Petitioner's removal order—which predates his release on an order of supervision—now somehow constitutes changed circumstances. *See generally* Ret.

A failure to provide meaningful notice begets a failure to provide a meaningful opportunity to respond. Although allegedly provided an informal interview, Petitioner must have the opportunity to "adequately respond to the reasons for revocation stated in the Notice." *Kiwana v. LaRose*, No. 3:25-CV-3678-JES-SBC, 2026 WL 102661, at *3 (S.D. Cal. Jan. 14, 2026) (internal quotation marks and citation omitted). ICE's failure to provide a sufficient explanation for revocation, to the extent it provided one at all, deprived Petitioner of the opportunity to adequately respond. *See id.* In doing so, Respondents failed to follow their own regulations.

"Government agencies are required to follow their own regulations." *Hoac v. Becerra*, No. 25-CV-1740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 US. 260, 268 (1954)). "[W]hen ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered." *Truong v. Noem*, No. 25-CV-2597-JES-MMP, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 22, 2025) (collecting cases). The Court finds that, in violation of ICE's regulations, the revocation of Petitioner's supervised release without notice or an informed interview justifies granting release from custody. *See, e.g.*, *Hoac*, 2025 WL 1993771, at *4 (granting a TRO where ICE failed to follow § 241.13(i)(3) procedures); *Phakeokoth v. Noem*, No. 25-CV-2817 RBM (SBC), 2025 WL 3124341, at *6 (S.D. Cal. Nov. 7, 2025) (same); *Nouri*, 2025 U.S. Dist. LEXIS 171809, at *11 (same); *Tran*, 2025 WL 3005347, at *4 (granting a habeas petition on the same grounds); *Truong*, 2025 WL 2988357, at *6 (same); *Nguyen v. Noem*, No. 25-CV-2792 LL (VET), 2025 WL 3101979, at *3 (S.D. Cal. Nov. 6, 2025) (same).

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 8), **DENIES AS MOOT** Petitioner's Motion to Proceed *In Forma Pauperis* (ECF No. 2), and **DENIES AS MOOT** Petitioner's Motion to Appoint Counsel (ECF No. 3). The Court **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting Order of Supervision. The Court **ORDERS** that Respondents cannot re-detain Petitioner without following the procedures set out in 8 C.F.R. § 241.13(i) and other implementing regulations. The Parties are **ORDERED** to file a Joint Status Report by August 24, 2026, confirming that Petitioner has been released. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 4, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge